IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ISAAC DAZA GUTIERREZ,           )
                                )
              Petitioner,       )
                                )
      v.                        )      1:11CV162
                                )
SIDNEY HARKLEROAD, et al.       )
                                )
              Respondent.       )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On August 24, 2009, in the Superior Court of Chatham County, Petitioner pled guilty to three counts of statutory rape of a 13-, 14-, or 15-year-old, three counts of second-degree rape of a mentally disabled person, and one count of indecent liberties with a child in cases 09 CRS 91, -95, -96, -98, -100, -101, and -102, and received a consolidated sentence of 230 to 285 months of imprisonment. (Docket Entry 8, Ex. 3.) Petitioner did not file a direct appeal. (Docket Entry 2 at 3.) However, on August 22, 2010, Petitioner signed and dated a motion for appropriate relief and mailed it to Chatham County. (Id., Ex. 4.) The motion for appropriate relief was denied on September 14, 2010, in an order stating that said motion had been filed on September 2, 2010. (Id., Ex. 5.) Petitioner then petitioned for certiorari in the North Carolina Court of Appeals, which petition that court denied on February 18, 2011. (Id., Ex. 8.) According to Petitioner, he received the denial on February 23, 2011. (Docket Entry 2 at 14.)

Petitioner's instant Petition in this Court is signed and dated as having been mailed that same day. (Id. at 15.) The Court received the Petition on March 1, 2011. (See id. at 1.) Respondent has now moved for summary judgment based on the Petition's untimeliness and alternatively, for lack of merit. (Docket Entries 7, 8.) Petitioner has responded (Docket Entries 12, 13) and Respondent's summary judgment motion is ripe for decision.

## Claims

Petitioner raises three claims for relief in his Petition and supporting brief. (See Docket Entry 2 at 6, 7, 9; Docket Entry 3 at 2-7.) The first contends that Petitioner received ineffective assistance of counsel because his attorney failed to present evidence in favor of a sentence in the mitigated range, initially proposed a plea agreement more favorable than the one ultimately reached in the case, and allowed him to receive a sentence in the aggravated range. (Docket Entry 2 at 6; Docket Entry 3 at 2-5.) The second argues that Petitioner's indictments were defective because they failed to list all of the elements of the charges. (Docket Entry 2 at 7; Docket Entry 3 at 6.) The third asserts that Petitioner's guilty plea was unknowing and involuntary based mainly on the contentions set out in his earlier two claims. (Docket Entry 2 at 9; Docket Entry 3 at 7.)

-2-

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[1] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[1] "In [<u>Houston v. Lack</u>, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." <u>Morales-Rivera v. United States</u>, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." <u>Id.</u> at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See <u>Allen v. Mitchell</u>, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. <u>United States v. Torres</u>, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see <u>Smith v. Woodard</u>, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that <u>Houston</u>'s rule governed filing date of § 2254 petition); <u>Ostrander v. Angelone</u>, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court declines to consider this matter further.

> made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

Here, Petitioner's judgment was entered on August 24, 2009. (Docket Entry 8, Ex. 3.) Respondent has asserted (Docket Entry 8 at 2), and Petitioner has failed to contest (<u>see</u> Docket Entries 12, 13), that his conviction became final on that date because he pled guilty and received a sentence in the presumptive sentencing range, such that he had no right to an appeal. <u>See</u> <u>State v. Hamby</u>, 129 N.C. App. 366, 499 S.E.2d 195 (1998).[2] Under these circumstances,

---

[2] The brief in support of the Petition contends that Petitioner received a sentence in the aggravated sentencing range (Docket Entry 3 at 5), but the judgment in his case specifically notes that he was sentenced in the presumptive range. (Docket Entry 8, Ex. 3.) Further, Petitioner was sentenced for Class B1 felonies with a prior record level of II. (<u>See</u> <u>id.</u>) Under North Carolina sentencing law, the presumptive range of possible minimum sentences for such an offender was 230 to 288 months; Petitioner received a minimum sentence of 230 months (<u>see</u> <u>id.</u>), which falls at the bottom of that range. <u>See</u> N.C. Gen. Stat. § 15A-1340.17(c) (2009). He received a maximum sentence of 285 months (<u>see</u>
(continued...)

-4-

Petitioner's time to file a habeas petition in this Court began to run on the day judgment was entered. Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004); accord Redfear v. Smith, No. 5:07CV73-03-MU, 2007 WL 3046345, at *2 (W.D.N.C. Oct. 17, 2007) (unpublished); Marsh v. Beck, No. 1:06CV1108, 2007 WL 2793444, at *2 (M.D.N.C. Sept. 26, 2007) (unpublished). It then ran for 365 days until it expired a year later on August 24, 2010, without Petitioner having filed a habeas petition in this Court.

Petitioner has argued that his motion for appropriate relief was actually filed on August 22, 2010, the day that he allegedly signed it and mailed it to the Chatham County Superior Court. (Docket Entry 13 at 4-5.) The one-year federal habeas limitation period is tolled for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, only "properly filed" documents can create tolling. Artuz v. Bennett, 531 U.S. 4, 8 (2000) (describing "properly filed" document as one submitted in accordance with state rules concerning form of document, time limits, and proper court and office for filing).

Here, Petitioner's motion for appropriate relief was not "properly filed" on August 22, 2010, when he signed it. North

---

[2](...continued)
Docket Entry 8, Ex. 3), the appropriate maximum sentence corresponding to a minimum sentence of 230 months. See N.C. Gen. Stat. § 15A-1340.17(e) (2009).

-5-

Carolina law requires that motions for appropriate relief "be filed in the manner provided in G.S. § 15A-951(c)." N.C. Gen. Stat. § 15A-1420(a)(3). Under said subsection, "[a]ll written motions must be filed with the court" accompanied by an appropriate certificate of service. N.C. Gen. Stat. § 15A-951(c). Said subsection does not purport to deem motions for appropriate relief as filed at the time of mailing. Id. Further, the order denying Petitioner's motion for appropriate relief specifically stated that the motion was "filed" on September 2, 2010. (Docket Entry 8, Ex. 5.) That declaration is consistent with case law indicating that North Carolina does not apply a mailbox rule for prisoner filings. See Bryson v. Harkleroad, No. 1:10CV36-3-MU, 2010 WL 1328313, at *3-4 (W.D.N.C. April 1, 2010) (citing North Carolina v. Kittrell, No. COA08-988, 197 N.C. App. 403, 677 S.E.2d 14, 2009 WL 1522698, at *3-4 (June 9, 2009) (unpublished)), appeal dismissed, 405 Fed. Appx. 773 (4th Cir. 2010).

Where states do not apply a mailbox rule to filings in their courts, at least three federal circuits have held that federal courts should not apply a mailbox rule to state court filings in making calculations under § 2244(d). See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007); Garcia v. Shanks, 351 F.3d 468, 471-72 (10th Cir. 2003); Vroman v. Brigano, 346 F.3d 598, 603-04 (6th Cir. 2003); but see Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005).[3] Like other courts, see, e.g., Bryson, 2010 WL

---

[3] Another circuit apparently has come down on both sides of the issue. Compare Koerner v. Grigas, 328 F.3d 1039, 1043 n.1 (9th Cir. 2003), with Saffold
(continued...)

-6-

1328313, at *3-4; Vasquez v. Kingston, 422 F. Supp. 2d 1006, 1008-10 (E.D. Wis. 2006), the undersigned United States Magistrate Judge finds the majority approach more persuasive.  In particular, the view that state rules about when a state filing is deemed filed control in this context has "heightened cogency in light of the United States Supreme Court's statement that when applying § 2244(d)(2), 'an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'"  Vasquez, 422 F. Supp. 2d at 1009 (quoting Artuz, 531 U.S. at 8).

For this reason, Petitioner's motion for appropriate relief was not "properly filed" until September 2, 2010, or several days after his time to file under § 2244(d)(1) had already expired. State court filings made after the limitations period has ended do not revive or restart it.  Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).  The Petition thus was not timely filed in this Court.[4]

---

[3](...continued)
v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated on other grounds sub nom., Casey v. Saffold, 536 U.S. 214 (2002).

[4] The Petition was ultimately out-of-time in any event.  Petitioner had only two days remaining on his time to file a federal habeas action, even under his view of the motion for appropriate relief's filing date (i.e., the difference between August 22, 2010, when he allegedly mailed his motion for appropriate relief, and August 24, 2010, when his one-year post-conviction period expired). The North Carolina Court of Appeals denied Petitioner's certiorari petition seeking review of the denial of his motion for appropriate relief on Friday, February 18, 2011.  His time to file would have begun to run again on that day and would have expired on Monday, February 21, 2011.  Petitioner did not date his Petition as having been mailed until two days later on February 23, 2011.  (See Docket Entry 2 at 15.)  Petitioner has argued that he is entitled to three days for the mailing of the denial of certiorari to him, but the case law says otherwise.  See Rouse v. Lee, 339 F.3d 238, 245-46 (4th Cir. 2003) (en banc) (holding that one-year period of limitation under § 2244(d)(2) begins to run on date state appellate court denies post-conviction petition).

As a final matter, Petitioner has made arguments in favor of equitable tolling. (Docket Entry 13 at 10.) The Supreme Court has determined that the one-year, federal habeas limitation period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some <u>extraordinary circumstance</u> stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added).

As grounds for equitable tolling, Petitioner has cited the fact that he acted pro se in making his filings. (Docket Entry 13 at 10.) However, unfamiliarity with the legal process and lack of representation do not constitute extraordinary circumstances. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). In addition, Petitioner has complained about prison policies regarding mailings and telephone calls, but has given no specific details regarding how any such matters affected the timing of his filings. (Docket Entry 13 at 10.) Moreover, difficulties resulting from prison policies generally provide insufficient grounds for equitable tolling. See, e.g., Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir. 2000); Allen v. Johnson, 602 F.Supp.2d 724, 727-28 (E.D. Va. 2009), appeal dismissed, 396 Fed. Appx. 46 (4th Cir. 2010). Nothing suggests that the problems Petitioner has identified were somehow "extraordinary" or different from those faced by other prisoners who routinely make timely filings in the state and federal courts in North Carolina.

-8-

Finally, Petitioner has alleged that he cannot speak English and needed assistance in having documents translated. (Docket Entry 13 at 10.) One federal circuit explicitly has rejected the position that the one-year, post-conviction filing limit "should be equitably tolled due to [a petitioner's] difficulties with the English language." United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005).[5] In the same vein, another circuit has held that a petitioner's struggles in navigating the legal process as a function of "illiteracy" fail to qualify as an extraordinary circumstance sufficient to trigger equitable tolling in this context. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

In the absence of authority on point from the United States Court of Appeals for the Fourth Circuit, members of this Court consistently have followed Turner. See, e.g., Jackson v. United States, Nos. 1:09CV112, 1:07CR169-5, 2009 WL 5171869, at *2-3 (M.D.N.C. Dec. 22, 2009) (unpublished) (Dixon, M.J.) (citing Turner in recommending against grant of equitable tolling based on petitioner's allegation of "being learning-disabled . . . because

---

[5] In addition, "[t]hough [the United States Court of Appeals for the Tenth Circuit] ha[s] not published a decision directly addressing proficiency in the English language, [its] unpublished decisions have consistently and summarily refused to consider such a circumstance as extraordinary, warranting equitable tolling." Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008) (finding particular allegations regarding language difficulties insufficient and stating that, "[b]ecause [the petitioner] has not proffered a factual basis justifying an exploration into whether a language barrier can ever be a contributing component warranting equitable tolling, [it] need not decide that issue"). The United States Court of Appeals for the Eighth Circuit also has ruled a petitioner's lack of English fluency an insufficient basis for equitable tolling in an unpublished decision. See Mendoza v. Minnesota, 100 Fed. Appx. 587, 587-88 (8th Cir. 2004) ("[The petitioner] asked the district court to equitably toll the limitation period . . . because he was not fluent in English . . . . We agree with the district court that the grounds asserted by [the petitioner] do not constitute extraordinary circumstances justifying equitable tolling.").

-9-

illiteracy does not constitute grounds for equitable tolling"), adopted, slip op. (M.D.N.C. May 17, 2010) (Beaty, C.J.); Bryant v. Beck, No. 1:08CV181, 2008 WL 2949247, at *2-3 (M.D.N.C. July 30, 2008) (unpublished) (Eliason, M.J.) (recommending dismissal for untimeliness despite petitioner's alleged lack of education because "illiteracy does not constitute grounds for equitable tolling" and citing Turner), adopted, slip op. (M.D.N.C. Feb. 5, 2009) (Osteen, Jr., J.); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (Eliason, M.J.) (relying on Turner in stating in dicta within recommendation that "illiteracy does not constitute grounds for equitable tolling"), adopted, id. at 972 (Beaty, J.).[6]

Moreover, in at least one case, this Court (via Chief Judge James A. Beaty, Jr.'s adoption of Magistrate Judge Russell A. Eliason's recommendation) relied on Turner in ruling that a petitioner's "assert[ion] that his inability to speak English . . . prevented him from filing within the limitations period [did not] . . . constitute an exceptional circumstance beyond [his] control which made it impossible to timely file his claims." Silva v. Thomas, No. 1:08CV64, 2008 WL 5636333, at *3 (M.D.N.C. May 29, 2008) (unpublished), adopted, slip op. (M.D.N.C. July 15, 2008).

---

[6] Other district courts in this Circuit have done the same. See, e.g., Bell v. Keller, No. 5:09HC2167D, 2011 WL 845913, at *4 (E.D.N.C. Mar. 8, 2011) (unpublished); Scales v. Johnson, No. 7:10CV57, 2010 WL 2332656, at *2 (W.D. Va. June 9, 2010) (unpublished); Bey v. Jones, No. 5:09CV128-3-MU, 2009 WL 4642074, at *2 (W.D.N.C. Dec. 1, 2009) (unpublished); Junkins v. McBride, No. 104CV169, 2005 WL 1330549, at *3 (N.D.W. Va. June 3, 2005) (unpublished), adopted, slip op. (N.D.W. Va. June 22, 2005); see also Lareau v. Reynolds, No. 2:11-684-RBH-BHH, 2011 WL 2036335, at *3 (D.S.C. Apr. 29, 2011) (citing Burns, 349 F. Supp. 2d at 974, in observing that "courts have held that illiteracy is not an extraordinary circumstance under the test of equitable tolling"), adopted, No. 2:11-CV-684-RBH, 2011 WL 2036297 (D.S.C. May 24, 2011).

-10-

Other district courts in this Circuit uniformly have reached the same conclusion. See, e.g., Mendoza-Miguel v. United States, Nos. 7:08CR127BO1, 7:10CV205BO, 2011 WL 1420860, at *2 (E.D.N.C. Apr. 12, 2011) (unpublished) ("Petitioner's inability to access legal materials in Spanish – his only proficient language – is not a sufficient basis to warrant the doctrine of equitable tolling."); Osnarque v. Thomas, No. 3:08CV76-1-MU, 2009 WL 650551, at *1 (W.D.N.C. Mar. 11, 2009) ("Petitioner also again asserts that he should be entitled to equitable tolling because he is a layman of the law and he does not speak English well. . . . [N]either of these reasons satisfy the high standard required for equitable tolling."); Bustos v. Faulkenberry, No. 2:06CV1205MBS, 2007 WL 540324, at *3 (D.S.C. Feb. 15, 2007) (unpublished) ("Petitioner alleges that he missed the deadline due to his limited grasp of the English language. However, . . . this does not amount to extraordinary circumstances excusing Petitioner's delay.").

Consistent with the holdings of the United States Courts of Appeals for the Fifth and Eleventh Circuits (as well as unpublished decisions by the Eighth and Tenth Circuits) and rulings consistently rendered in this Court and other district courts of the Fourth Circuit, the Court should conclude that language-related difficulties fail to provide a basis for equitable tolling. Alternatively, the Court should hold that, even if — as some courts have indicated, see Pabon v. Superintendent S.C.I. Mahoney, ___ F.3d ___, ___-___ & n.24, 2011 WL 2685586, at *12-14 & n.24 (3d Cir. 2011); Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008);

-11-

Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006) — lack of fluency in English might support equitable tolling in some cases, Petitioner has made an insufficient showing to warrant such relief in this case. For example, the Diaz Court expressly declined to hold that equitable tolling should apply whenever a state failed to provide translation services to a non-English-speaking prisoner and instead observed that a prisoner has "a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." Diaz, 515 F.3d at 154; accord Mendoza, 449 F.3d at 1070 & n.5. Here, Petitioner tacitly acknowledged that, at least at times, he had access to translation assistance "at his house." (Docket Entry 13 at 10.)

Further, from the time he filed his motion for appropriate relief until now, Petitioner has made several prompt filings in both the state and federal courts. (See e.g., Docket Entries 10, 12, 13.) Petitioner has not explained in any meaningful way why he could not, with due diligence, make all appropriate filings before his one-year, post-conviction limitation period expired. (See Docket Entry 13 at 10.) He, therefore, has not met his burden of showing that any "extraordinary circumstance" prevented him from making a timely filing in spite of his exercise of proper diligence. See generally Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008) (rejecting request for equitable tolling based on language deficiency where petitioner failed to "explain how he filed [earlier] pro se state post-conviction pleadings" and offered only "conclusory" assertion of diligence rather than detailed

-12-

accounting of his actions "to secure assistance with his language barriers inside or outside prison boundaries"); Rios v. Alameida, 102 Fed. Appx. 582, 582-83 (9th Cir. 2004) ("[The petitioner] contends that he is entitled to equitable tolling . . . due to a lack of Spanish-language materials and trained Spanish-speaking clerks in the prison law library . . . . We disagree. Even assuming these problems to be true, they do not constitute extraordinary circumstances which made timely filing impossible, especially in light of [the petitioner's] ability to file habeas petitions in state court raising the same claims.").

In sum, Petitioner is not entitled to equitable tolling, his Petition is untimely, and Respondent's Motion for Summary Judgment should be granted.[7]

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion For Summary Judgment (Docket Entry 7) be **GRANTED**, that the Habeas Petition (Docket Entry 2) be **DENIED**, and that Judgment be entered dismissing this action.

                                            /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                **United States Magistrate Judge**

September 9, 2011

---

[7] Because of the Petition's untimeliness, the Court need not consider the merits of Petitioner's claims.

-13-